IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| ROBERT GIMERA and CHONGHWA GIMERA, a married couple, | ) ) ) | No. 79852-9-I |
| Appellants, | ) ) | UNPUBLISHED OPINION |
| v. | ) ) | |
| FIRST BAPTIST CHURCH OF ROSE HILL, a not-for-profit corporation, and BRENT FORE, | ) ) ) ) ) | |
| Respondents. | ) ) | |

ANDRUS, A.C.J. – Three years after making large monetary donations to First Baptist Church of Rose Hill, ChongHwa Gimera commenced this suit, seeking a return of the funds, contending that she was suffering from mental illness at the time she made the gifts and could not form the requisite donative intent. The trial court dismissed Gimera's claim against First Baptist on summary judgment on two independent grounds—Gimera failed to show she lacked capacity to bring the lawsuit within the applicable two-year statute of limitations and failed to demonstrate a genuine issue of material fact as to her donative intent in 2015. We conclude that Gimera's claim is time-barred by the statute of limitations and affirm the dismissal of her claim.

Citations and pin cites are based on the Westlaw online version of the cited material.

FACTS

ChongHwa Gimera alleged that she made charitable donations in early 2015 to First Baptist Church of Rose Hill in Redmond. These donations included a monthly donation of $370 between January and March 2015, as well as two large donations—a $10,000 check and a $7,500 check, both in February 2015. Gimera further alleged that she had cashed out her husband Robert's[1] 401k account in order to write the large checks to First Baptist.

On April 26, 2018, Gimera commenced this lawsuit, seeking an order requiring First Baptist and its pastor, Brent Fore, to return the $17,500. Gimera, who alleged that she had been diagnosed with schizoaffective disorder in 2003,[2] claimed that her mental illness precluded her from forming the requisite donative intent in February 2015. Gimera further claimed that she did not realize until December 2016 that her mental illness had caused her to withdraw Robert's 401k funds and make the February 2015 donations.

In July 2018, First Baptist asked Gimera in discovery to produce medical records to substantiate her alleged mental illness, but Gimera refused to comply with the church's request to identify her health care providers, to sign a medical release to allow First Baptist to subpoena the records from those providers, or to produce her medical records, claiming that these requests were an invasion of

---

[1] To avoid confusion, this opinion refers to Robert Gimera by his first name. We mean no disrespect.

[2] "Schizoaffective disorder is a mental health disorder that is marked by a combination of schizophrenia symptoms, such as hallucinations or delusions, and mood disorder symptoms, such as depression or mania." https://www.mayoclinic.org/diseases-conditions/schizoaffective-disorder/symptoms-causes/syc-20354504 (last visited 3/27/2020).

privacy. In December 2018, Gimera produced some financial and medical records to First Baptist. Among the documents were letters from Drs. Iris M. Del Toro, dated June 2, 2018, and Brian D. Jaeger, dated May 21, 2018, both confirming Gimera's diagnosis of schizoaffective disorder. Dr. Del Toro, who diagnosed Gimera with schizoaffective disorder in 2003, noted that Gimera's mental illness was episodic in nature and that it would result in "psychotic symptoms" followed by a clearing of those symptoms. Neither doctor, however, opined that Gimera was experiencing psychosis when she made the February 2015 donations to First Baptist.

On January 9, 2019, Gimera prepared a declaration in which she argued that First Baptist's discovery request was unreasonable. A few days later, on January 14, Gimera produced some documents indicating she had been involuntarily committed for psychiatric treatment in 2002 and 2006.

After Gimera's limited document production, First Baptist filed a motion to compel discovery from Gimera. First Baptist sought an order requiring Gimera to identify her and Robert's health care providers, to produce copies of all health care or medical records, and to produce any legal guardianship records in their possession. It appears that Gimera, in response to this motion, filed a motion for a protective order to restrict First Baptist's access to her medical records, although that motion is not in the record before us.

The trial court granted First Baptist's motion to compel and denied Gimera's motion for a protective order on February 21, 2019. The court ordered Gimera to answer First Baptist's interrogatories and requests for production within 14 days of

the order. It also required Gimera to sign and deliver to First Baptist's counsel a medical authorization to release records to First Baptist within seven days of the order. The court ruled that if the Gimeras failed to comply with the order, "they shall be precluded from offering any evidence of their alleged mental incapacity to form the intent to make a charitable gift to Defendants at trial or in dispositive motions." Gimera did not comply with this court order.

Gimera moved for summary judgment on February 25, 2019. Gimera argued that the evidence she had produced to First Baptist during discovery demonstrated that she had a history of mental illness and that she lacked donative intent in February 2015. Gimera did not attach any evidence to her summary judgment motion; instead, it appears that she relied on a set of medical records she had filed under seal with the court in December 2018 and January 2019.

First Baptist moved for summary judgment on March 8, 2019, and filed an opposition to Gimera's motion on March 20, 2019. First Baptist argued that because Gimera refused to produce or otherwise authorize First Baptist to request her medical records from her providers, Gimera was precluded from presenting evidence of her mental illness to support the allegation that she suffered from symptoms of her schizoaffective disorder in February 2015 and could not form the requisite donative intent when she made the donations to First Baptist. It further argued that Gimera also could not show that the applicable statute of limitations tolled until December 2016, when she claimed she realized that she was suffering from mental illness when she made the donations in February 2015.

On April 5, 2019, the trial court granted First Baptist's motion for summary judgment and denied Gimera's motion for summary judgment. The trial court found that Gimera had failed to comply with its February 21, 2019 discovery order and that it was appropriate to sanction Gimera under CR 37(b)(2)(B) for her noncompliance by precluding her from offering evidence of her or Robert's alleged mental incapacity to form the intent to make charitable gifts to First Baptist. It ruled that even if it were to consider the medical evidence Gimera proffered, it was insufficient to create a genuine issue of material fact. It deemed the letters from Drs. Del Toro and Jaeger insufficient to raise a genuine issue of fact as to Gimera's capacity to make gifts because neither doctor so stated. The trial court further concluded that Gimera's lawsuit was barred by the two-year statute of limitations of RCW 4.16.130. The trial court thus dismissed Gimera's claims against First Baptist and Brent Fore with prejudice. Gimera appeals.

## ANALYSIS

Gimera raises two main assignments of error on appeal.[3] First, she challenges the trial court's order excluding her evidence for non-compliance with the discovery order, arguing that the trial court did not give her adequate time to

---

[3] As First Baptist points out, Gimera's briefing does not comply with the Rules of Appellate Procedure (RAP), specifically RAP 10.3(a). Although we agree that the briefing does not cite to any legal authorities or references to relevant parts of the record, her assignments of error are clear enough to allow First Baptist to respond and for this court to address them.

comply.[4] Second, she contends that the trial court erred in dismissing her claims as time-barred or as unsupported factually.[5]

## Order Compelling Discovery and Exclusion of Evidence as Sanction for Non-Compliance

We review a trial court's order compelling discovery and any order imposing discovery sanctions for abuse of discretion. Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp., 122 Wn.2d 299, 338, 858 P.2d 1054 (1993); Richardson v. Gov't Employees Ins. Co., 200 Wn. App. 705, 711, 403 P.3d 115 (2017). "A trial court exercises broad discretion in imposing discovery sanctions under CR 26(g) or 37(b), and its determination will not be disturbed absent a clear abuse of discretion." Mayer v. Sto Indus., Inc., 156 Wn.2d 677, 684, 132 P.3d 115 (2006). "A trial court abuses its discretion when its order is manifestly unreasonable or based on untenable grounds." Fisons, 122 Wn.2d at 339. A discretionary decision rests on untenable grounds or is based on untenable reasons if the trial court relies on unsupported facts or applies the wrong legal standard. Magana v. Hyundai Motor Am., 167 Wn.2d 570, 582-83, 220 P.3d 19 (2009). The court's decision is manifestly unreasonable if the court, despite applying the correct legal standard to the supported facts, adopts a view that no reasonable person would take. Id. at 583.

---

[4] Assignment of Error No. 2 asserts that the discovery order granted to First Baptist was issued only a few days before the discovery cutoff and failed to provide Gimera with sufficient time to act on it.

[5] Assignments of Error Nos. 1 and 3 assert that the statute of limitations should have been tolled until December 2016 and the applicable limitations period was three years. Assignments of Error 4 through 6 generally challenge the trial court's conclusion that her evidence was insufficient.

Gimera argues that the trial court should not have disregarded her evidence of her mental incapacity because she was not provided sufficient time to comply with the court's order. We conclude that the record does not support her argument.

The trial court's February 21, 2019 discovery order provided Gimera with 14 days to complete specific interrogatories and requests for production. The order also gave Gimera 7 days in which to sign a medical release. When Gimera failed to comply with the discovery order, First Baptist filed its summary judgment motion on March 8, 2019, exactly 14 days after entry of the trial court's order. Counsel for First Baptist notified the court that Gimera had neither answered the specified interrogatories or requests for production, nor signed the medical release.

The hearing on the summary judgment motions did not occur until April 5, 2019, almost six weeks after the trial court had ordered Gimera to answer First Baptist's discovery. Gimera had still not complied with the order, despite admitting she had reviewed the order. At the summary judgment hearing, Gimera argued that she did not realize the order required her to sign a medical release and assumed defense counsel could simply contact her medical providers and speak with them directly about her condition. When the court challenged her explanation, she said that with the discovery cutoff so near, she did not know what she "was able to do and not able to do." The trial court rejected this justification for her non-compliance because it had to treat her, a self-represented plaintiff, no differently than it treated attorneys.

We conclude that the trial court did not abuse its discretion. A self-represented litigant is generally held to the same standard as an attorney unless that person suffers from a significant mental disability such that they are incapable of understanding the legal proceedings. Carver v. State, 147 Wn. App. 567, 575, 197 P.3d 678 (2008). We have no evidence of such disability here. Gimera filed her own motions and prepared responsive pleadings to First Baptist's motions, advocating her positions and citing court rules and case law to support her arguments. She submitted declarations in which she represented to the court that she was competent to testify about the facts of her case. The court's discovery order was very clear, and Gimera's pleadings and her statements at the hearing did not demonstrate a mental disability that precluded her from understanding the plain language in the order. We find no abuse of discretion in the trial court's discovery sanctions order.

Summary Judgment

Gimera next contends that the trial court erred in concluding her claim was time-barred, arguing that her mental illness precluded her from filing the lawsuit in a timely manner. We disagree.

We review summary judgment orders de novo, considering all of the evidence and reasonable inferences in the light most favorable to the non-moving party. Keck v. Collins, 184 Wn.2d 358, 370, 357 P.3d 1080 (2015). Summary judgment is appropriate when there is no genuine issue of material fact. Id.

The trial court determined that the applicable statute of limitations in this case is RCW 4.16.130 which provides: "An action for relief not hereinbefore

provided for, shall be commenced within two years after the cause of action shall have accrued." Gimera contends the statute of limitations is three years, rather than two, but she does not cite to any statute for this proposition. But the limitation period for seeking to revoke a gift is not specifically provided for in any other statute. Thus, the court correctly concluded that the default, two-year limitations period applies. Gimera made her gifts to the church in February 2015 and did not file her lawsuit until April 2018, more than two years after the events giving rise to her claim. Unless there is a basis for tolling the limitations period, her claims are time-barred.

Gimera argues that under RCW 4.16.190, the statute of limitations should have been tolled until December 2016, when she realized that she was experiencing an episode of psychosis at the time she made the donations. While a defendant carries the burden of proof to show that a plaintiff's claims are time-barred, the plaintiff bears the burden of proof "if he or she alleges that the statute was tolled and does not bar the claim." Rivas v. Overlake Hosp. Med. Ctr., 164 Wn.2d 261, 267, 189 P.3d 753 (2008). Under RCW 4.16.190:

> [I]f a person entitled to bring an action mentioned in this chapter . . . be at the time the cause of action accrued . . . incompetent or disabled to such a degree that he or she cannot understand the nature of the proceedings . . . the time of such disability shall not be a part of the time limited for the commencement of action.

"For this statute to apply, the plaintiff's incompetency or disability must exist at the time the cause of action accrues." Rivas, 164 Wn.2d at 267.

Gimera failed to make an adequate showing of incompetency or disability to justify tolling the statute of limitations until December 2016, some 21 months

after she made the gifts to the church. Gimera's evidence did not demonstrate an incompetency or disability between February 2015 and December 2016 that was so significant that she was incapable of understanding her legal rights at any point during that time period. Indeed, Dr. Del Toro, in her letter, indicated that she was responding to Gimera's letters from May 2016 regarding the possibility that Gimera's tithing may have occurred during times of psychotic thinking. Dr. Del Toro's letter strongly suggests that Gimera was well enough by May of 2016 to seek Dr. Del Toro's opinion regarding her mental illness. And there is nothing in Dr. Del Toro's letter to provide the trial court with any dates on which Gimera was suffering from an episode of psychosis. Because Gimera's symptoms are, as Dr. Del Toro described, episodic, we cannot conclude from this record that Gimera was experiencing psychosis from February 2015 to December 2016 to justify tolling the statute of limitations.

We conclude that the trial court did not err in dismissing Gimera's claim as time-barred. Because we so conclude, we need not address the issue of the sufficiency of the evidence to defeat summary judgment on the merits.

Affirmed.

_Andrus, A.C.J._

WE CONCUR:

_Chun, J._        _Appelwick, J._